# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMI TREASTER, | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. 4:09-cv-632-JEJ |
| v. | : | |
| | : | |
| CONESTOGA WOOD SPECIALTIES CORP., | : | |
| | : | |
| Defendant | : | |
| | : | |

## PLAINTIFF'S OBJECTIONS TO JUDGE SMYSER'S REPORT AND RECOMMENDATIONS

Plaintiff, Tami Treaster, by and through her undersigned counsel, hereby submits this Memorandum of Law in Objection to Judge Smyser's Report and Recommendations and in accordance with Local Rule of Court 72.3.


### KARPF, KARPF & VIRANT


/s/ Jeremy M. Cerutti
Jeremy M. Cerutti, Esq.
3070 Bristol Pike
Building 2; Suite 231
Bensalem, PA 19020
Attorney for Plaintiff

Date: May 10, 2010

## <u>TABLE OF CONTENTS</u>

I. INTRODUCTION.............…………………………………………………..2

II. LEGAL ARGUMENT…................................................................................2

    A.  Defendant interfered with Ms. Treaster's FMLA rights…………………...…2

III. CONCLUSION…………………………………………………………......8

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page**

*Bachelder v. Am. West Airlines*, 259 F.3d 1112, 1130 (9th Cir. 2001)....................................4

*Bey v. Daimler Chrysler of North America LLC*, 2006 WL 361385, *11 (D.N.J.2006)..........7

*Butler v. IntraCare Hosp. North,* No. H-05-2854, 2006 WL 2868942, at *5
(S.D.Tex. Oct. 4, 2006)........................................................................................................7

*Callison v. City of Philadelphia,* 430 F.3d 117, 119 (3d Cir.2005)...........................................3

*Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 142 (3d Cir. 2004)....................5

*Kanter v. Barella*, 489 F.3d 170, 175 (3d Cir. 2007).................................................................8

*Lombardo v. Air Products and Chemicals, Inc.,* No. 06-1120, 2006
U.S. Dist. LEXIS 46077, 2006 WL 2547916, at *11 (E.D.Pa. July 7, 2006)...........................4

*Melrose, Inc. v. City of Pittsburgh*, 2008 WL 4449687, *13 (W.D.P.A. 2008).......................7

*Rashid v. Sovereign Bancorp. Inc.,* WL 2485450 (E.D. Pa. 2008)..........................................6

*Shanahan v. City of Chicago*, 82 F.3d 776 (7th Cir. 1996)....................................................7

*Sommer v. The Vanguard Group,* 461 F.3d 397 (3d Cir.2006).............................................2,8

*Weisman v. Buckingham Twp.,* No. 04-4719, 2005 U.S. Dist. LEXIS 11696,
2005 WL 1406026, at *11 (E.D. Pa. June 14, 2005)................................................................4

*Wilson v. Kuhn's Quality Foods*, WL 2709384 (W.D. Pa. 2006)...........................................4


**Statutes and Rules**

5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1182
(3d ed.2004)...........................................................................................................................8

29 C.F.R. § 825.208(a) (2001)..............................................................................................4,5

29 C.F.R. § 825.220(c).............................................................................................................6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMI TREASTER,                        :
                                      :
             Plaintiff                :
                                      :   CIVIL ACTION NO. 4:09-cv-632-JEJ
             v.                       :
                                      :
CONESTOGA WOOD SPECIALTIES            :
CORP.,                                :
                                      :
             Defendant                :
                                      :

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE SMYSER'S
REPORT AND RECOMMENDATIONS**

I.     **Introduction**

Plaintiff ("Ms. Treaster") has carefully reviewed Magistrate Judge Andrew Smyser's Report and Recommendations regarding Defendant's Motion for Summary Judgment. First, Ms. Treaster requests that Judge Smyser's denial of Defendant's Motion for Summary Judgment regarding her Title VII retaliation claim and FMLA retaliation claim be adopted.

Although Judge Smyser is recommending that seven of Ms. Treaster's nine claims be dismissed, Ms. Treaster is only objecting to Judge Smyser's recommendations regarding her FMLA interference claim.

II.    **Legal Argument**

A. **Defendant interfered with Ms. Treaster's FMLA rights.**

In *Sommer v. The Vanguard Group,* 461 F.3d 397 (3d Cir.2006), the Court of Appeals for the Third Circuit noted: the FMLA declares it "unlawful for any employer to

2

interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" in the FMLA. § 2615(a)(1).  Such a claim is typically referred to as an "interference" claim, and is acknowledged to "set floors for employer conduct." *Callison v. City of Philadelphia,* 430 F.3d 117, 119 (3d Cir.2005).

In her First Amended Complaint, Ms. Treaster included an FMLA interference claim, alleging that Defendant interfered with her rights under the FMLA.   In her Response to Defendant's Motion for Summary Judgment, Ms. Treaster identified and explained the various ways in which Defendant interfered with her rights in violation of the FMLA.  Then, Defendant asserted in its Reply Brief that Ms. Treaster was attempting to amend her complaint through her Motion Response to add additional FMLA claims. Ms. Treaster indicated in her Sur-Reply Brief that she was not attempting to amend her complaint through her Motion Response or add any additional claims.  Instead, she was merely providing a legal explanation regarding the manner in which Defendant interfered with her FMLA rights.

Judge Smyser held that "the interference claims set forth in the plaintiff's brief raise new claims, that the plaintiff may not amend her complaint through her brief and that, therefore, the additional claims set forth by the plaintiff in her brief are not properly before the court."  As a result, the Court did not address this claim.  *See* Judge Smyser's Report and Recommendation, at p. 90, at Docket Entry No. 50.

Ms. Treaster objects to this recommendation because the record establishes that Ms. Treaster's brief does not raise new claims.  Instead, it merely provides a legal explanation for the ways in which Defendant interfered with Ms. Treaster's FMLA rights.

Thus, her FMLA interference claim should be considered and Defendant's Motion to Dismiss this claim should be denied.

To state a claim for interference under the FMLA, a plaintiff must show that: (1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA. *Lombardo v. Air Products and Chemicals, Inc.*, No. 06-1120, 2006 U.S. Dist. LEXIS 46077, 2006 WL 2547916, at *11 (E.D.Pa. July 7, 2006) (citing *Weisman v. Buckingham Twp.*, No. 04-4719, 2005 U.S. Dist. LEXIS 11696, 2005 WL 1406026, at *11 (E.D. Pa. June 14, 2005)).

Under the FMLA, the employer bears the responsibility of determining whether an employee's leave request is covered by the Act and must notify the employee accordingly. 29 C.F.R. § 825.208(a) (2001). If the employer lacks sufficient information to determine whether an employee's leave or requested leave qualifies under the FMLA, the employer should inquire further in order to ascertain whether the FMLA applies. *Id*; *See also Bachelder v. Am. West Airlines*, 259 F.3d 1112, 1130 (9th Cir. 2001); *Wilson v. Kuhn's Quality Foods*, WL 2709384 (W.D. Pa. 2006).

Moreover, regardless of whether an employer has a handbook, employers such as Defendant have an affirmative obligation to communicate with employees regarding their rights under the FMLA. In particular, the FMLA regulations require employers to provide employees with individualized notice of their FMLA rights and obligations, not just

4

employee handbooks. *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 142 (3d Cir. 2004).

Pursuant to 29 C.F.R. § 825.208(a), "in all circumstances, it is the employer's responsibility to designate leave, paid or unpaid, as FMLA-qualifying, and to give notice of the designation to the employee." Moreover, each time the employee requests leave, the employer must, within a reasonable time thereafter – "one or two business days if feasible," "provide the employee with written notice detailing the specific expectations."

In her Response in Opposition to Defendant's Motion for Summary Judgment, Ms. Treaster explained that Defendant should have advised her that she was entitled to take intermittent leave (periodic time off) due to her mental health since it knew that she was suffering from anxiety and depression. Ms. Treaster also explained that Defendant should have designated her February 22, 2008 absence as FMLA. Finally, she described that Defendant interfered with her rights under the FMLA in the following ways:

(1) Defendant failed to designate Ms. Treaster's February 22, 2008 FMLA absence as FMLA qualifying despite her missing work on that date because of panic attacks associated with depression and anxiety and informing Mr. Kaufmann of same;

(2) Defendant failed to do anything to determine whether Ms. Treaster's February 2008 and March 2008 leave requests were covered by the Act and failed to notify her accordingly.

(3) Defendant failed to inquire further in order to ascertain whether the FMLA applied to Ms. Treaster's February 22, 2008 absence.

(4) Defendant misinformed Ms. Treaster about her FMLA rights by telling her

5

that if she was absent for any reason she "needed FMLA to back it up."

(5) Defendant failed to give Ms. Treaster individualized notifications of her rights and/or obligations under the FMLA when she requested a medical leave of absence in February of 2008 and in March of 2008 and Defendant failed to adhere to any affirmative obligations of obtaining additional information from Ms. Treaster regarding her need for medical leave.

(6) Defendant attempted to discourage Ms. Treaster from taking any absences by informing her that the company was attempting to rid itself of employees who take FMLA, by moving her to different positions after her request, by disciplining her for missing work on February 22, 2008 and by suspending her within days of her March 2008 request.  Exhibit CC at p. 162:20-24.  *See e.g. Rashid v. Sovereign Bancorp. Inc.,* WL 2485450 (E.D. Pa. 2008)(denying employer's motion for summary judgment because employer discouraged FMLA leave and terminated an employee shortly after he requested a medical leave).

(7) Defendant refused to provide Ms. Treaster an actual FMLA-qualifying intermittent leave in February of 2008 or March of 2008, despite her requests for same.

(8) Defendant's management issued Ms. Treaster a written disciplinary action as a result of her February 22, 2008 FMLA-qualifying absence and, as a result, Ms. Treaster became ineligible for a perfect attendance award.[1]

(9) Defendant suspended and terminated  Ms. Treaster, at least in part, for

---

[1] *See* 29 C.F.R. § 825.220(c), which provides: The [FMLA]'s prohibition against "interference" prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights.  For example, if an employee on leave without pay would otherwise be entitled to full benefits (other than health benefits), the same benefits would be required to be provided to an employee on unpaid FMLA leave. By the same token, *employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions*; nor can FMLA leave be countered under "no fault" attendance policies.

6

requesting FMLA leave and/or taking an FMLA-qualifying absence. *See Butler v. IntraCare Hosp. North,* No. H-05-2854, 2006 WL 2868942, at *5 (S.D.Tex. Oct. 4, 2006)(holding that employer's termination of employee after employee requested FMLA leave in the future was manipulation that sufficiently supported an FMLA interference claim).

Defendant cited to *Melrose, Inc. v. City of Pittsburgh,* 2008 WL 4449687, *13 (W.D.P.A. 2008) to support its argument that Ms. Treaster's FMLA interference arguments should not be considered because they were not raised in her Amended Complaint. But *Melrose* and the cases to which it cites (i.e. *Bey v. Daimler Chrysler of North America LLC,* 2006 WL 361385, *11 (D.N.J.2006), clearly indicate that a plaintiff cannot, in its motion for summary judgment or motion response, raise ***new causes of action***. *Id.* In her response to Defendant's Motion for Summary Judgment, Ms. Treaster does not assert new or additional causes of action or claims or ask to amend her complaint. She simply sets forth arguments in support of her FMLA interference claims. *See Shanahan v. City of Chicago,* 82 F.3d 776 (7th Cir. 1996)(***finding that where plaintiff literally attempted to amend his complaint by inserting a footnote in his motion response, the lower Court properly denied his request).***

In the cases cited by Defendant in its Reply Brief, the plaintiffs literally attempted to amend their complaints through their Briefs by specifically asking the Court to permit them to do so via a footnote contained in their Briefs. Ms. Treaster is not requesting that she be permitted to add additional claims, causes of action or amend her complaint. Ms. Treaster's Response in Opposition to Defendant's Motion for Summary Judgment merely

provides a legal explanation for the ways in which Defendant interfered with her rights under the FMLA.

Although Ms. Treaster's Amended Complaint does not identify specifically each and every conceivable way in which Defendant interfered with her FMLA rights, she should not be precluded from expounding upon and describing the violations in responding to Defendant's Motion to Dismiss her claim. After all, to prove an FMLA interference claim, "the employee only needs to show that he was entitled to benefits under the FMLA and that he was denied them." *Sommer,* 461 F.3d at 399.

Moreover, Federal Rule of Civil Procedure 8(a)(2) provides in pertinent part that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief. The fundamental function of a federal pleading is "to inform the opposing party and the court of the nature of the claims and defenses being asserted by the pleader and, in the case of an affirmative pleading, the relief being demanded." *Kanter v. Barella*, 489 F.3d 170, 175 (3d Cir. 2007); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1182 (3d ed.2004). Ms. Treaster's Amended Complaint certainly identifies the nature of her FMLA claims and puts Defendant on notice regarding the type and nature of her FMLA interference claim.

Thus, the Court's conclusion that Ms. Treaster's Brief raises new claims and its refusal to consider those claims fail to account for both the pleading requirements and the broad remedial scope of the FMLA.

### III.    Conclusion

Based on the foregoing, Ms. Treaster respectfully requests that this Court not adopt Judge Smyser's Recommendations regarding Ms. Treaster's FMLA interference

claim and instead consider this claim, in its entirety and as set forth by Ms. Treaster in her written submissions, and deny Defendant's Motion regarding this claim.

**KARPF, KARPF & VIRANT**

_/s/ Jeremy M. Cerutti_
Jeremy M. Cerutti, Esq.
3070 Bristol Pike
Building 2; Suite 231
Bensalem, PA 19020
Attorney for Plaintiff

Dated: May 10, 2010

9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMI TREASTER,                          :
                                        :
            Plaintiff                   :
                                        :   CIVIL ACTION NO. 4:09-cv-632-JEJ
            v.                          :
                                        :
CONESTOGA WOOD SPECIALTIES              :
CORP.,                                  :
                                        :
            Defendant                   :
                                        :

## CERTIFICATE OF SERVICE

I certify that on the date set forth below I served Defendant with Plaintiff's

Objections to Judge Smyser's Report and Recommendations via ECF and U.S. Mail:

Magistrate Judge Andrew Smyser
United States District Court
Middle District of Pennsylvania
Federal Building &
U.S. Courthouse
228 Walnut Street. P.O. Box 983
Harrisburg, PA 17108

Jill M. Lashay, Esq.
Buchanan Ingersoll & Rooney, P.C.
213 Market Street, 3rd Floor
Harrisburg , PA 17101
Counsel for Defendant

**KARPF, KARPF & VIRANT**

By: /s/ Jeremy M. Cerutti
      Jeremy M. Cerutti, Esq.

Dated: May 17, 2010