IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMI TREASTER, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : Civil Action No. 4:09-cv-00632-JEJ |
| | : |
| CONESTOGA WOOD SPECIALTIES, CORP. | : |
| | : ELECTRONICALLY FILED |
| Defendant. | : |

**DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION**

BUCHANAN INGERSOLL & ROONEY, PC

Jill M. Lashay, Esquire
PA ID No. 79985
Jacob M. Theis, Esquire
PA ID No. 208631
213 Market Street, Third Floor
Harrisburg, PA 17101
(717) 237-4856 (ph)
(717) 233-0852 (fax)

Counsel for Defendant,
Conestoga Wood Specialties Corp.

Date: May 24, 2010

# TABLE OF CONTENTS

**Page**

A. Plaintiff Cannot Raise New Claims of FMLA Interference For the First Time In Her Opposition To Defendant's Summary Judgment Motion .......................................................... 1

B. Even Considering Plaintiff's New Interference Claims, She Cannot State A *Prima Facie* Case of Interference ................ 4

    1. Plaintiff cannot prove that she had a serious health condition which entitled her to leave ................................ 4

    2. Plaintiff Cannot Prove that She Gave Defendant Proper Notice of Her Need for Leave and/or Intention to Take The Same ............................................. 6

C. Conclusion .................................................................................. 9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aldinger v. Spectrum Control, Inc.*, 207 Fed.Appx. 177 (3d Cir.2006) .................................. 1

*Aunuchon v. Knauf Fiberglass, GmbH*, 359 F.3d 950 (7th Cir. 2004) ................................... 6

*Baker v. R.T.G. Furniture Corp.*, No. 8:08-cv-484-T-33 MAP, 2009 WL 1767562 (M.D. Fla., June 22, 2009) ........................................................ 6

*Cash v. Smith*, 231 F.3d 1301 (11th Cir. 2000) ..................................................................... 9

*Cruz v. Publix Super Markets, Inc.*, 428 F.3d 1379 (11 Cir. 2005) ........................................ 6

*Johnson v. Community College of Allegheny County*, 566 F.Supp.2d 405 (W.D. Pa. 2008) . 2, 3, 4

*Lowery v. Strength*, No. 09-11597, 2009 WL 4786611 (11th Cir., Dec. 14, 2009) ................. 7

*Melrose, Inc. v. City of Pittsburgh*, No. 02-1161, 2008 WL 4449687 (W.D. Pa. Sept. 30, 2008) . 2

*Ney v. City of Hosington*, 508 F. Supp. 2d 877 (D. Kan. 2007) ............................................. 9

*Phinizy v. Philadelphia*, 569 F. Supp.2d 512 (W.D. Pa. 2008) ............................................. 8

*Reid-Falcone v. Luzerne County Cmty. Coll.*, No. 3:CV-02-1818, 2005 U.S. Dist. LEXIS 12713, 2005 WL 1527792 (M.D. Pa., June 28, 2005) ................. 7, 8

**Statutes**

29 U.S.C. § 2612(a)(1)(D) ...................................................................................................... 5

29 U.S.C. § 2613(a) ................................................................................................................ 5

29 U.S.C. § 2614(c)(3)(A) ...................................................................................................... 5

42 U.S.C. § 12101 ................................................................................................................... 5

**Regulations**

29 CFR § 1630.2(n) ..................................................................................................... 5

29 CFR § 825.112(a)(4) ............................................................................................. 5

29 CFR § 825.115 ....................................................................................................... 5

29 CFR § 825.305(b) ................................................................................................. 5

29 CFR § 825.313(a) .............................................................................................. 7, 8

29 CFR § 825.313(b) .............................................................................................. 7, 8

## DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION

Defendant, Conestoga Wood Specialties, Corp., ("Defendant") herein requests that this Court accept the Magistrate's findings and recommendations as to Plaintiff's FMLA interference claims and grant summary judgment in favor of Defendant. The Magistrate's findings and recommendations regarding these interference claims are correct because (1) Plaintiff is not permitted to raise new claims of FMLA interference for the first time in her brief in opposition to Defendant's Summary Judgment motion and (2) the evidence of record does not support a finding that Defendant interfered in any way with Plaintiff's rights under the FMLA.

### A. Plaintiff Cannot Raise New Claims of FMLA Interference For the First Time In Her Opposition To Defendant's Summary Judgment Motion

Plaintiff continues to argue that she must be allowed to raise several new claims of interference with FMLA rights for the first time in her brief in opposition to Defendant's summary judgment motion. Such an argument, however, is entirely without support of law because raising such claims for the first time in her opposition brief is procedurally inappropriate. Thus, it is well settled that the court need not consider such additional claims. *See Aldinger v. Spectrum Control, Inc.*, 207 Fed.Appx. 177, 180 n. 1 (3d Cir.2006) (district court refused to address the plaintiffs' claim that defendant violated the WARN Act by failing to give notice of

termination because that issue was raised for the first time in plaintiffs' brief in opposition to the defendant's motion for summary judgment and was not pleaded in their complaint); *Melrose, Inc. v. City of Pittsburgh*, No. 02-1161, 2008 WL 4449687 *13 (W.D. Pa. Sept. 30, 2008) ("It is well established that a plaintiff may not attempt to amend a complaint through a brief in opposition to a motion for summary judgment."); *Johnson v. Community College of Allegheny County*, 566 F.Supp.2d 405, 449 (W.D. Pa. 2008) (it is inappropriate for plaintiff to raise additional interference allegations for the first time in her opposition brief; thus, claims are improperly before the court

The argument presented by Plaintiff in the instant case is similar to that presented to the U.S. District Court for the Western District of Pennsylvania in *Johnson*. Like *Johnson*, Plaintiff raised only two claims in her Amended Complaint that Defendant interfered with her rights: (1) "misinforming her o[f] her rights to prevent her for applying for FMLA" and (2) terminating her when it became aware that she intended to exercise her rights under the FMLA. RR at 80, Amended Complaint at ¶ 36-37; *see Johnson*, 566 F. Supp.2d at 449 (plaintiff alleged that employer failed to provide plaintiff with individualized notice of her FMLA rights and obligations and denied her the benefit of possible intermittent leave). Also, like *Johnson*, Plaintiff attempts to raise additional claims regarding interference with her FMLA rights which were not raised in her Amended

2

Complaint. *cf. Johnson*, 566 F. Supp.2d at 449 (Johnson improperly asserted new claims that: (1) CCAC miscalculated her FMLA leave by improperly counting the time between Christmas and the New Year, at which time the college was closed; (2) CCAC did not provide her with the requisite sixty-day notice of a change in the college's FMLA policy, where the new policy used a different formula to count the leave time available to the employee; (3) CCAC failed to inform her of the amount of leave time available to her; and (4) CCAC, in the January 3, 2005 letter, which required two weeks' notice before returning to work, imposed impossible requirements not mandated by the FMLA).

Plaintiff does not offer anything to distinguish her circumstances from those addressed by the Court in *Johnson*. Although she contends that the information presented in her opposition to summary judgment "merely provides *a legal explanation* of the ways in which Defendant interfered with [her] rights" (Plaintiff's Objection to Magistrate's Report and Recommendation at page 4), she offers nothing to support such a contention. In fact, her brief goes well beyond legal explanations to present new facts and allegations that are unrelated in any way to the allegations set forth in her Amended Complaint. As such, the Magistrate correctly concluded that the Court need not consider Plaintiff's additional interference claims.

### B. Even Considering Plaintiff's New Interference Claims, She Cannot State A *Prima Facie* Case of Interference

Even if this Court were to find that each of Plaintiff's new interference claims were properly before the Court, Plaintiff cannot meet her burden of proving a *prima facie* case in any of these new interference claims. Plaintiff cannot meet this burden because she has failed to present any evidence that she had a serious health condition or that she gave Conestoga proper notice of her need for leave. Such evidence is necessary for Plaintiff to meet her prima facie burden as to each of these claims.

To establish a claim for interference under the FMLA, a plaintiff must show that: (1) she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the *plaintiff was entitled to FMLA leave*; (4) the *plaintiff gave notice to the defendant of her intention to take FMLA leave*; and (5) the plaintiff was denied benefits to which she was entitled under the FMLA. *Johnson*, 566 F. Supp.2d at 446 (emphasis added). Plaintiff cannot prove that she was entitled to FMLA leave; nor can she prove that she gave the proper notice to Defendant regarding her intention to take FMLA leave.

    1.    Plaintiff cannot prove that she had a serious health condition which entitled her to leave

Plaintiff failed to establish that she was entitled to FMLA leave and that she was, in fact, suffering from a "serious health condition" as defined by 29 U.S.C.

4

§ 2612(a)(1)(D) of the FMLA. Under the FMLA, employers are required to grant leave to eligible employees "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the employee's job." 29 CFR § 825.112(a)(4).[1] An employee is "'unable to perform the functions of the position' where the health care provider finds that the employee is unable to work at all or is unable to perform any one of the essential functions of the employee's position with the meaning of the [ADA], 42 U.S.C. § 12101 et seq, and the regulations at 29 CFR § 1630.2(n)." 29 CFR § 825.115. Although Plaintiff claims that she suffered from a panic disorder which required her to take FMLA leave, she fails to cite to any evidence to corroborate this contention. RR at 39. To the contrary, Plaintiff testified that she was never incapable of performing the functions of her job. (Treaster Depo. at 179-180). Thus, Plaintiff's self-serving and uncorroborated statement regarding the existence of her panic disorder is insufficient to raise a genuine issue of material fact. *Baker v. R.T.G. Furniture*

---

[1] Pursuant to the FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following: [including] [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). To verify entitlement to FMLA leave, an employer may require that a request for leave be supported by a certification issued by a health care provider of the eligible employee and that the employee provide the certification to the employer in a timely manner. *Id.* 29 U.S.C. § 2613(a); 29 U.S.C. § 2614(c)(3)(A). In fact, the Department of Labor regulations explain that "the employee must provide the requested certification to the employer within the time frame requested by the employer (which must allow at least 15 calendar days after the employer's request), unless it is not practicable under the particular circumstances to do so despite the employee's diligent good faith efforts." 29 CFR § 825.305(b). The reason for producing the certification is to confirm that the employee has a serious health condition such that she is entitled to leave and all of the other protections of the FMLA.

*Corp.*, No. 8:08-cv-484-T-33 MAP, 2009 WL 1767562, *4 (M.D. Fla., June 22, 2009) (plaintiff failed to provide "citations to record evidence that corroborates his claims" of bipolar and anxiety disorder).

Plaintiff also cannot demonstrate that her treating healthcare provider ever recommended that she take any leave from employment. RR at 39; Treaster Dep. at 179-180). Absent such evidence, Plaintiff cannot show that she suffered from a serious health condition and, thus, no claim for interference with rights under the FMLA can stand. *See Baker*, 2009 WL 1767562, *4-*5 ("a diagnosis of [chronic mental health conditions] is insufficient alone to demonstrate to FMLA leave").

> 2. Plaintiff Cannot Prove that She Gave Defendant Proper Notice of Her Need for Leave and/or Intention to Take The Same

Even if Plaintiff could establish that she suffered from some serious health condition, there is no evidence of record that she gave Defendant the proper notice of her alleged need for FMLA leave. An "employee must communicate the reason for the leave to the employer; the employee cannot just demand leave." *Cruz v. Publix Super Markets, Inc.*, 428 F.3d 1379, 1385 (11 Cir. 2005) (citing *Aunuchon v. Knauf Fiberglass, GmbH*, 359 F.3d 950, 953 (7th Cir. 2004).

Plaintiff never submitted any FMLA paperwork specifically requesting leave. She never submitted any FMLA form in connection with her February 22nd absence; nor was anything other than a doctor's note marked "illness" submitted

for that absence. A plaintiff must rely on more than just a note from her doctor which generally states that she is absent for medical reasons. *Lowery v. Strength*, No. 09-11597, 2009 WL 4786611, *2 (11th Cir., Dec. 14, 2009) (medical certification from doctor which only stated that plaintiff was absent from work for "medical reasons" was not enough).

Although record evidence suggests that Plaintiff may have told Kauffman on February 29th that she "will get an FMLA" to cover the absence on the 22nd, she clearly never did. Further, there is no record evidence that she ever intended to get FMLA paperwork to excuse the absence. As such, Defendant had no notice that Plaintiff was exercising her FMLA rights for coverage of the February 22nd absence and, certainly, could not have known that she was in need of leave under the Act.

Although Plaintiff did obtain FMLA paperwork from the HR Department on March 5, 2008 she never returned it. <u>If the employee never produces the certification, the leave is not FMLA leave.</u> 29 CFR § 825.313(a) and (b) (emphasis added). Likewise, if the employee never takes the steps required under FMLA regulations to actually avail herself of FMLA rights, she cannot be found to have invoked those same rights. *See Reid-Falcone v. Luzerne County Cmty. Coll.*, No. 3:CV-02-1818, 2005 U.S. Dist. LEXIS 12713, 2005 WL 1527792 (M.D. Pa., June 28, 2005) (J. Vanaskie) (employee has not invoked her rights for the purpose of

finding interference with FMLA when she fails to ask for FMLA leave, or to submit paperwork consistent with that request).

Like the plaintiff in *Reid-Falcone*, Plaintiff asks this Court to find that her failure to submit a valid request for FMLA leave does not insulate Conestoga from liability on any of her interference claims. However, this District Court concluded that such an argument "does not square with the language employed by Congress" because Congress did not proscribe interference for taking leave that <u>may have qualified for protection</u> under the FMLA <u>but which was never properly requested</u>. *Reid-Falcone,* 2005 WL 1527792, * 8. (emphasis added). Moreover, simply suggesting to Conestoga that Plaintiff *might*, at some point in the future, seek a certification of healthcare provider that leave is medically necessary does not constitute an invocation of rights under the FMLA. Instead, to support any of her interference claims, Plaintiff had an obligation to truly "avail" herself of the rights and protections of the FMLA by certifying that her impairment rises to the level of a serious health condition under the FMLA. She did not do this.

If an employee never returns any paperwork to support the existence of a serious health condition, she does not avail herself of the protections of the FMLA. *See* 29 CFR § 825.313(a) and (b); *see also Phinizy v. Philadelphia*, 569 F. Supp.2d 512, 524 (W.D. Pa. 2008) (failure of employee to sufficiently notify employer that absences were due to serious medical condition, which would have qualified her

for FMLA leave, was fatal to FMLA claim); *Ney v. City of Hosington*, 508 F. Supp. 2d 877, 887 (D. Kan. 2007) (city employee failed to engage in "protected activity," where she did not submit request for FMLA leave to city; in order for employee to avail herself of FMLA, she had to fill out appropriate paperwork and actually elect to take FMLA leave); *Cash v. Smith,* 231 F.3d 1301, 1307 (11th Cir. 2000) (employee failed to present evidence that she exercised a protected right under FMLA, thus defeating her FMLA claim, where employer requested that employee have her doctor complete company's standard FMLA certification form, and employee's personal physician indicated on the form that employee did not qualify for FMLA leave).

It is undisputed that Plaintiff failed to avail herself of the protections of the FMLA. Therefore, she cannot set forth a *prima facie* case of interference with her rights under the FMLA and Defendant should be granted summary judgment as to all of Plaintiff's FMLA interference claims.

C.  **Conclusion**

For the foregoing reasons, the Magistrate Judge's Report and Recommendation should not be modified by this court as requested by Plaintiff, and Defendant's motion for summary judgment as to Plaintiff's FMLA interference claim, as well as all other claims set forth in Plaintiff's Amended

Complaint, should be granted and Plaintiff's claims should be dismissed in their entirely with prejudice.

    Respectfully submitted,

    BUCHANAN INGERSOLL & ROONEY PC


By: *J. M. Lashay*
    Jill M. Lashay, Esquire
    PA ID No. 79985
    Jacob M. Theis, Esquire
    PA ID No. 208631
    213 Market Street, Third Floor
    Harrisburg, PA  17101

    Attorneys for Defendant
    Conestoga Wood Specialties, Inc.

Dated:  May 24, 2010

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of Defendant's Objections to Report and Recommendation was transmitted to the Court electronically for filing and for electronic service upon the following attorneys of record this 24th day of May, 2010:

>Magistrate Judge Andrew Smyser
>United States District Court
>Middle District of Pennsylvania
>Federal Building &
>U.S. Courthouse
>228 Walnut Street, P. O. Box 983
>Harrisburg, PA  17108

>Ari R. Karpf
>Jeremy Cerutti
>Karpf Karpf & Virant
>3070 Bristol Pike
>Bldg 2, Suite 231
>Bensalem, PA  19020

>BUCHANAN INGERSOLL & ROONEY PC


>By:  s/Jacob M. Theis
>     Jacob M. Theis
>     Attorney for Respondent

Date: May 24, 2010