IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMI TREASTER, | : | |
| | : | 4:09-cv-632 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| CONESTOGA WOOD | : | |
| SPECIALITIES CORP., | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### June 25, 2010

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 50), filed on April 29, 2010, which recommends that we grant the Defendant Conestoga Wood Specialties Corp.'s ("Defendant" or "Conestoga") Motion for Summary Judgment (Doc. 26) with respect to eight of the ten claims asserted by Plaintiff Tami Treaster ("Plaintiff" or "Treaster").

Plaintiff filed objections to the R&R, arguing that summary judgment should not have been granted on her Family Medical Leave Act ("FMLA") interference claim. (Doc. 51). Defendant filed objections to the R&R, arguing

1

that summary judgment should have been granted with respect to Plaintiff's Title VII retaliation claim and FMLA retaliation claim. (Doc. 52). Accordingly, this matter is ripe for disposition.

For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R, overrule the parties' objections and grant the Defendant's Motion for Summary Judgment in part.

## I. PROCEDURAL BACKGROUND

On April 7, 2009, Plaintiff commenced this action by filing a complaint against Defendant, her former employer. (Doc. 1). On October 1, 2009, Plaintiff filed an amended complaint containing ten counts. (Doc. 17). They are as follows:

 (1) Count I - Title VII Hostile Work Environment Claim;

 (2) Count II - Title VII Retaliation Claim;

 (3) Count III - FMLA Interference Claim;

 (4) Count IV - FMLA Retaliation Claim;

 (5) Count V and VI - Disability Discrimination Claims under the Americans with Disabilities Act ("ADA");

 (6) Count VII - ADA Retaliation Claim;

(7) Counts VIII and IX - Disability Discrimination Claims under the Pennsylvania Human Relations Act ("PHRA"); and

(8) Count X - PHRA Retaliation Claim.

On October 6, 2009, the Defendant filed an answer to the amended complaint. (Doc. 18). Following the close of discovery, the Defendant filed a motion for summary judgment (Doc. 26), which we referred to Magistrate Judge Smyser for a report and recommendation. (Doc. 33).

On April 29, 2010, Magistrate Judge Smyser issued the instant R&R (Doc. 50), which is presently before the Court for review.

## II. STANDARDS OF REVIEW

### A. Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and

recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

  **B.** **Summary Judgment**

  Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

 In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-

moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## III. DISCUSSION

As an initial matter, we note that the parties do not object to the Magistrate Judge's recommendation that summary judgment be granted on Counts I, V, VI,

5

VII, VIII, IX and X. We have reviewed Magistrate Judge Smyser's sound reasoning and agree that summary judgment is appropriately granted on those counts. Thus, we shall adopt the R&R in this regard.

Next, we shall turn to an analysis of parties objections. Inasmuch as the facts are well known to the parties and the Court, we shall only recite the facts pertinent to our analysis herein.[1]

### A. Plaintiff's Objection

As noted above, Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be granted on her FMLA interference claim, contained in Count III. Magistrate Judge Smyser found that the Plaintiff raised new FMLA interference claims in her brief in opposition to the summary judgment motion that were not alleged in her amended complaint. Specifically, Magistrate Judge Smyser concluded that it was impermissible for Plaintiff to amend her complaint through briefing on the summary judgment motion, thus he declined to address the newly raised FMLA interference claims. Magistrate Judge Smyser also recommended

---

[1] A full exposition of the material facts was undertaken by Magistrate Judge Smyser at pages 7 to 39 of the R&R. (Doc. 50).

that we grant summary judgment on the Plaintiff's FMLA interference claim based on the Defendant allegedly misinforming Plaintiff of her FMLA rights.[2]

Plaintiff argues that her brief does not raise new claims but merely provides a "legal explanation" for the ways in which the Defendant interfered with Plaintiff's FMLA rights. (Doc. 51, p. 3). Defendant maintains that it is impermissible for Plaintiff to raise new FMLA interference claims for the first time in the summary judgment briefing.

It is well settled that courts need not consider additional claims that are raised for the first time in briefing. *See Aldinger v. Spectrum Control, Inc.*, 207 Fed. Appx. 177, 180 n. 1 (3d Cir. 2006) (district court refused to address the plaintiffs' claim that defendant violated the WARN Act by failing to give notice of termination because that issue was raised for the first time in plaintiffs' brief in opposition to the defendant's motion for summary judgment and was not pleaded in their complaint); *Melrose, Inc. v. City of Pittsburgh*, 2008 WL 4449687, *13 (W.D. Pa. Sept. 2008) ("It is well established that a plaintiff may not attempt to amend a complaint through a brief in opposition to a motion for summary judgment.");

---

[2] Magistrate Judge Smyser recommended that Plaintiff's claim that the Defendant interfered with her FMLA rights by terminating her when it became aware that she intended to exercise her FMLA rights be construed as an FMLA retaliation claim rather than an FMLA interference claim. The parties do not object to this recommendation.

*Johnson v. Community College of Allegheny County*, 566 F. Supp. 2d 405, 449 (W.D. Pa. 2008) (it is inappropriate for plaintiff to raise additional interference allegations for the first time in her opposition brief; thus claims are improperly before the court).

After reviewing the Plaintiff's amended complaint and brief in opposition to the motion for summary judgment, it is clear to the Court that Plaintiff only raised two FMLA interference claims in her amended complaint and her brief contains arguments about alleged FMLA interference claims that were never pled by her. Contrary to Plaintiff's assertion, the allegations in the brief are not simply "legal explanations" for the ways in which Defendant allegedly interfered with her FMLA rights. Thus, we agree with Magistrate Judge Smyser that these claims need not be addressed and shall his adopt his recommendation in that regard.

Moreover, we agree with Magistrate Judge Smyser's conclusion that summary judgment be granted on the Plaintiff's FMLA interference claim as pled in the amended complaint.[3] As noted above, Plaintiff claims that the defendant misinformed her of her FMLA rights, particularly by telling her that if she were to

---

[3] While it appears that Plaintiff is not objecting to the Magistrate Judge's recommendation on this point, we will exercise caution and review this recommendation of the Magistrate Judge, inasmuch as Plaintiff objects to the overall recommendation that summary judgment on Plaintiff's FMLA interference claim.

be absent for any reason she "needed FMLA to back it up." (Doc. 31-2, p. 49). However, Plaintiff has failed to explain *how* the Defendant telling her she needed FMLA to "back up" her absences misinformed her of her FMLA rights. The FMLA contains a provision which entitles employers to request medical certifications from an employee requesting leave. *See* 29 U.S.C. § 2613(a). Thus, the fact that the Defendant informed Plaintiff that her absences would have to be "back[ed] up" by FMLA is hardly an interference with her FMLA rights. Accordingly, we shall adopt the Magistrate Judge's recommendation that summary judgment be granted in favor of the Defendant on Plaintiff's FMLA interference claim.

### B. Defendant's Objections

Defendant's object to Magistrate Judge Smyser's recommendations that summary judgment be denied as to Plaintiff's Title VII retaliation claim alleging gender discrimination and Plaintiff's FMLA retaliation claim. We shall discuss Defendant's objection to each recommendation *in seriatim*.

### 1. Title VII Retaliation Claim

Defendant objects to the Magistrate Judge's recommendation on the Title VII retaliation claim on two grounds. First, the Defendant contends that the Magistrate Judge erroneously found that Plaintiff met her burden of proving a

*prima facie* case. Second, the Defendant argues that Magistrate Judge Smyser erred by holding that a reasonable fact finder could find that the reasons given by Defendant for suspending and discharging Plaintiff from employment were pretextual.

Based on our review of the Magistrate Judge's reasoning on the Title VII retaliation claim as well as our own review of the record, we decline to sustain the Defendant's objection to the Magistrate Judge's recommendation that summary judgment be denied. We agree that Plaintiff has presented sufficient evidence such that we cannot find, as a matter of law, or as a matter beyond factual dispute, that Plaintiff's belief that she was complaining about sexual discrimination was not reasonable. Further, we find that temporal proximity between Plaintiff's complaints and her suspension is some evidence of a causal connection between the two events. Additionally, there is evidence that Plaintiff was given inconsistent reasons for the adverse action taken against her, which can be considered as evidence of causal connection between her complaints and the adverse action taken against her, as well as evidence of pretext. Thus, based on the foregoing, we shall adopt the Magistrate Judge's recommendation that Defendant's motion to dismiss be denied with respect to Plaintiff's retaliation claim.

### 2. FMLA Retaliation Claim

The Defendant objects to the Magistrate Judge's recommendation that we deny it's motion for summary judgment with respect to Plaintiff's FMLA retaliation claim, arguing that the Magistrate Judge erred in concluding that Plaintiff met her burden of proving a *prima facie* case. Based on our review of the Magistrate Judge's reasoning, and our own independent review of the record, we shall overrule the Defendant's objection. Specifically we find that Plaintiff has presented evidence that she invoked the FMLA with respect to her February 22, 2008 absence and that she went to the Human Resources department and obtained FMLA paperwork. Construing these facts in the light most favorable to the Plaintiff, there is evidence sufficient to support an inference that she invoked FMLA rights. Further, we agree with Magistrate Judge Smyser's reasoning that evidence presented by the Plaintiff with regards to the timing between her request for FMLA paperwork and her suspension and termination, coupled with the inconsistent reasons given for her suspension, is sufficient for a reasonable fact finder to find a causal connection. Accordingly, we shall adopt the Magistrate Judge's recommendation and deny the Defendant's motion for summary judgment with respect to the Plaintiff's FMLA retaliation claim.

V.  **CONCLUSION**

Accordingly, for the reasons set forth above, the parties' objections are overruled and the Magistrate Judge's R&R will be adopted in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Magistrate Judge Smyser (Doc. 50) is **ADOPTED** in its entirety.

2. The Defendant's Motion for Summary Judgment (Doc. 26) is **GRANTED** in part and **DENIED** in part to the following extent:

    a. Summary Judgment is granted in favor of the Defendant on Counts I, III, V, VI, VII, VIII, IX and X.

    b. Summary Judgment is denied on Counts II and IV.

3. The parties shall stipulate to a trial term within ten (10) days of the date of this Order.

<pre>
                                s/ John E. Jones III
                                John E. Jones III
                                United States District Judge
</pre>